Weeks *v.* Ellis.

SAME TERM. *Before the same Justices.*

WEEKS *vs.* ELLIS and others.

A person elected to the office of justice of the peace, and entering upon the discharge of its duties, without having first taken the oath prescribed by law, is nevertheless, a justice of the peace, *de facto*, and his acts as such, so far as relates to the public, and third persons, are valid.

The law does not require third persons to ascertain, at their peril, whether a magistrate, coming into office by color of a regular election, and acting as such, has taken the requisite steps to continue in it.

A magistrate who acts as such, without having first taken the oath of office, is guilty

Weeks *v.* Ellis.

of a misdemeanor, punishable by fine or imprisonment, and forfeits his office ; but until such forfeiture is judicially declared, by a proper proceeding instituted against the magistrate, he is a magistrate *de facto.*

Overseers of the poor, who have obtained from a magistrate, *de facto,* a warrant in a case of bastardy, as required by title 6, ch. 20, part 1 of the revised statutes, can defend themselves under such warrant, against an action of trespass, assault and battery and false imprisonment, in the like manner, as if the said warrant had been issued by a magistrate *de jure.*

THE declaration in this cause contained three counts for an assault and battery, and false imprisonment, alleged in the first count, to have been committed on the 16th of December, 1845, at Champion in the county of Jefferson, and in the second and third counts to have been committed on the 26th of January, 1846, at the same place.

The defendants, Ellis and Brooks, united in joint pleas, separate from the other defendants, Lynde and Lewis. They pleaded to each count separately, and the same questions arose on each set of pleadings. The third plea was to the first count, the fifth to the second, and the seventh to the third. A statement of the pleadings to the first count, will present all the questions arising in the case.

The substance of the third plea, is that at the time when, &c. on the 16th of December, 1845, at, &c. the defendants, Lynde and Lewis, were justices of the peace of the town of Champion in the county of Jefferson, and the defendants, Ellis and Brooks, overseers of the poor of the same town. Mary C. Weston, then and there a resident of the said town, was pregnant of a child likely to be born a bastard to become chargeable to the said county of Jefferson, and the defendants, Ellis and Brooks, overseers, &c. on the 11th of December, 1845, at the request and in behalf of the superintendents of the poor of the said county, applied to Lynde, one of the defendants, being a justice of the peace of Jefferson county, to make inquiry into the facts and circumstances of the case, and after such application, to wit, on the 11th of December, 1845, the said Lynde, being such justice, &c. by examination of the said Mary C. Weston on oath, ascertained that the plaintiff was the father of such child likely to be born a bastard of the said Mary, and

VOL. II.　　　　41

likely to become chargeable *to* the said county, and thereupon the said Lynde, being such justice, &c. afterwards, to wit, on the 16th of December, 1845, issued a warrant to any constable of the county, commanding him to apprehend the now plaintiff, the reputed father of said bastard likely to be born chargeable, &c. and to bring him before the said justice for the purpose of an adjudication as to the filiation of said child. That the warrant was delivered by the justice to Porter, a constable, who by virtue thereof, on the 16th of December, 1845, arrested the plaintiff, and carried him before the said justice, and the said Lynde immediately called to his aid the other defendant, Esek Lewis, a justice of the peace of the said county, and afterwards, on the day and at the place aforesaid, the two justices, Lynde and Lewis, proceeded to examine the said Mary, so pregnant as aforesaid, on oath, in the presence of the plaintiff, touching the father of the child likely to be born a bastard, &c. That before an adjudication, an adjournment, on the plaintiff's motion, was made by the justices Lynde and Lewis, till the 26th of January, 1846, at the same place ; the plaintiff giving a bond to appear, &c.

The plea then alleged that Lynde on the third Tuesday in February, 1845, was elected a justice of the said town of Champion in said county, for the full term of four years, commencing on the first day of January, 1846, averring that he accepted the office by taking upon himself and entering upon the duties of the said office, on the 1st of January, 1846, in said town, &c. and from thence forward and up to the 10th of February, 1846, he acted and continued to act and officiate in said town in the character and capacity of such justice. The plea averred that the plaintiff appeared at the adjourned day, before the justices and the superintendents of the poor also, on the said 26th of January, 1846, and the said Lynde and Ellis, justices, &c. on the 27th of January, 1846, adjudged and determined that the plaintiff was the father of the said child, which had been between the 16th of December, 1845, and the 26th of January, 1846, born a bastard of the said Mary ; and that such child was chargeable, and then and there made an

Weeks v. Ellis.

order of filiation, and thereby ordered that the said plaintiff should pay to the superintendents of the poor of the said county, the sum of one dollar and twenty-five cents weekly and every week, for the support of such bastard child, for and during so long a time as the said county should be liable for the support of such child, and that he should pay to the said superintendents the sum of $8,94, for the sustenance of the said Mary during her confinement; and did certify the reasonable costs, &c. at $38,78, and did reduce their proceedings to writing and subscribed them; of all which the said plaintiff then and there had notice from the said justices, and was required by them to pay the said costs and to enter into a bond in the sum of $600, according to the statute, &c.; that the plaintiff neglected and refused so to do; whereupon the said Lynde and Lewis, for the neglect aforesaid, pursuant to the statute, &c. issued their warrant to any constable, &c. commanding him to arrest the plaintiff and commit him to the common jail of said county, until the next sessions, or until he should execute such bond, &c.; which are the imprisoning, &c. complained of; concluding with a verification.

The replication to this plea alleged that at the time when, &c. to wit, the 26th and 27th of January, 1846, and for a long time before that time, the said Lynde had ceased to be a justice, &c.; the said office having become vacant by reason that the said Lynde had wholly failed and omitted to qualify after the pretended election mentioned in the said third plea, according to the statute, &c. by reason whereof the said Lynde and Ellis both or either of them, did not on those days and times, or at any time since, have, hold, or possess any power, authority, or jurisdiction over the subject matter of the said complaints in the said third plea of Ellis and Brooks mentioned; concluding with a verification.

To this replication the defendants, Ellis and Brooks, demurred; assigning ten causes of demurrer, and the plaintiff joined in demurrer. The causes of the demurrer are some of them to matters of form, and others to matters of substance. Such of

them as are deemed the most material, are adverted to by the court in their opinion.

*J. Moore, Jr.* for the defendants Ellis and Brooks.

*J. Mullin,* for the plaintiff.

*By the Court,* WILLARD, J. The important question raised by this demurrer is, whether the omission of Lynde, one of the justices by whom the order of filiation was made, and the warrant of commitment was signed, to take the oath of office on his re-election, before entering upon his duties in January, 1846, makes the defendants Ellis and Brooks, the overseers of the poor, trespassers in causing the arrest of the plaintiff. The proceedings detailed in the plea are such as were required by tit. 6, ch. 20, of the 1st part of the revised statutes. By statute, it was the duty of the defendants, as overseers of the poor of the town of Champion, to institute those proceedings. By the 20th section of art. 3, tit. 6, ch. 5, of the 1st part of the revised statutes, it is enacted, that, "Every person who shall be elected or appointed to any civil office or public trust embraced in that chapter, before he shall enter on the duties of such office or trust, shall take the following oath or affirmation." Then follows the oath to support the constitution of the United States and the constitution of the state of New-York. The 31st section of the same article provides (1 *R. S.* 121, 1*st ed.*) that "if any person shall execute any of the duties or functions of any office, without having taken and subscribed the oath of office required by law, or without having filed in the proper office any bond required by law, he shall forfeit the office to which he may have been elected or appointed, and shall be deemed guilty of a misdemeanor punishable by fine or imprisonment." These are all the statutory provisions relating to the subject.

Lynde, notwithstanding his omission to take the oath of office, was a justice of the peace, *de facto ;* and his acts, so far as relates to the public and third persons, were valid. (*The People* v. *Covert,* 1 *Hill,* 674. *Same* v. *Stevens,* 5 *Hill,* 616.

*Same* v. *Hopson*, 1 *Denio*, 575.) The only way in which the title of the justice to the office can be questioned, is in a proceeding against him directly, by indictment for the misdemeanor, or quo warranto, or other proceedings to remove him. It might also be impeached in an action by the justice for his fees. (1 *Denio*, 575.) All the cases show that it is not competent for third persons to raise the question in a collateral way.

This case is distinguishable from *Low* v. *Rice*, (8 *John. Rep.* 409,) and *Clayton* v. *Per Dun*, (13 *Id.* 218.) In those cases the justice was an officer *de jure* and *de facto*, both; but being at the time an inn-keeper, he was by law prohibited *from trying any cause by virtue of the act.* (1 *R. L.* 397, § 19.) He had no jurisdiction, in those cases, of the subject matter; and the question in both cases, arose on certiorari brought to reverse his judgment. In those cases, the justice possessed all the other powers incident to his office, except the power of trying civil actions under the act for the recovery of debts to the value of twenty-five dollars. Of that he was expressly, and in terms, deprived.

In the present case, on the contrary, Lynde came regularly into office by an election, at the proper time, and assumed to act in that capacity. The defect complained of does not go to his jurisdiction. He was not, in terms, prohibited from acting, before taking the oath; but was required to take the oath before entering on the duties of the office, and the consequences resulting from his omission to do so, are declared to be a forfeiture of office, and fine or imprisonment. This implies, that until forfeiture is judicially declared, he is still in office, so far at least, as the rights of the public and third persons are concerned.

The law does not require third persons, at their peril, to ascertain whether a magistrate, coming into office by color of a regular election, and acting as such, has taken the requisite steps to continue in it. Much less will it require another class of officers, who are compelled to invoke the aid of the first in a matter of public concern, to do so. The affairs of society could

not be carried on unless confidence were reposed in the official acts of persons *de facto* in office.

The defendants Ellis and Brooks were not *parties* to the proceedings before the justices, against the plaintiff. The rule, therefore, cannot be extended to them, which involves the parties, who set in motion, for their own benefit, an illegal proceeding, with the fate of those by whom it is conducted. They were *ministerial* officers on whom the statute devolved the duty of instituting before the magistrates the proceedings stated in the plea. They, therefore, fall within the principle of *Savacool* v. *Boughton*, (5 *Wend.* 170,) and kindred cases, and are protected, if the magistrates had jurisdiction of the subject matter, and were ostensibly in office.

I am satisfied that the replication is bad; that the plea affords a complete defence to the defendants Ellis and Brooks; and that judgment should be given for them on the demurrer.

There must be judgment for the defendants Ellis and Brooks on the demurrer to the replications to the 3d, 5th, and 7th pleas; with leave for the plaintiff to amend his replications on payment of costs.

