By the Court. Bosworth, Ch. J.
—The plaintiff was appointed receiver in a suit commenced in the Court of Chancery of the State of New Jersey, by the filing of a bill by Edward J. Tinkham, as complainant, against the American Exchange Bank, as defendant. The bill was filed on the 2d of June, 1854. A subpoena ad respondendum was issued, returnable on the 20th of that month, and the sheriff of Cape May, the county in which said bank was located, made affidavit that he had diligently inquired for said bank and the officers thereof, and had been credibly informed, and believed, that there was no such bank or office, or officer thereof, in that county, whereon to serve»' said writ. He also formally returned the said writ, not served, and that said bank, or any officer thereof, could not be found. The Court of Chancery, on the 6th of July, 1854, made an order appointing the plaintiff receiver of said bank.
The order is not void. The fact that no officer of the bank could be fourfd, on whom service of notice of a motion for the appointment of a receiver could be served, left the Court of Chancery at liberty, in its discretion, to appoint a receiver, without notice to the bank. (The People v. Norton, et al., 1 Paige, 17.)
There was sufficient proof before the court, of the bank’s insolvency, to authorize it to act; and, the order made, declares that the court was satisfied, by the evidence produced, of the fact of actual insolvency.
*119 An injunction had been previously granted against the bank, upon service on the bank of the papers on which it was granted; and that injunction was continuing when the order appointing a receiver was made.
These facts are all" that need exist, to make it competent for that court to appoint a receiver. (§-l of act of April 15, 1846.) By § 5 of that act, the application may be by bill of complaint, and the Chancellor, in his discretion, is at liberty to entertain the motion, though no notice of it had been given to the bank.
It was no part of the terms of the order, that the receiver should take the oath of office, in order to perfect his appointment. The statute requiring such oath to be taken and filed, is directory; and the omission to take it before this suit was commenced, does not so incapacitate him to sue, that the complaint should, for that cause, be dismissed. (2 Barb. 320.)
I think it quite clear that the complaint should not have been dismissed upon any grounds affecting the validity of the receiver’s appointment, or his competency, as such, to bring this suit.
The judgment in the suit of Tinkham v. The American Exchange Bank, is conclusive of the liability of the bank, as between it and the receiver. It establishes the liability of the bank as a debtor of Tinkham, and the receiver’s right to maintain a suit against any one liable upon any contract made by himself, so far as that right depends upon the mere fact that there are creditors of the bank whose ' claims are unsatisfied.
The question, whether the bank was indebted to Tinkham, having been litigated in a suit between them, and decided against the bank, the record of that recovery was at least prima facie evidence of that fact in the present suit,' in which the defendant is to be charged, if at all, on the ground that he is the debtor of the bank, and not on the ground that he is a statutory guarantor of the payment of any debt which the bank may owe.
The decision upon admitting that record was, merely, *120 that it was prima facie evidence of the indebtedness of the bank to Tinkham, on the cause of action therein set forth. During the trial, the acceptance of the bill on which that judgment was recovered, was produced, and it was proved that Cook, the president of the bank, accepted it.
Whether the judge was right or wrong in his fourth and fifth conclusions of law, I regard as quite immaterial. No evidence offered to impeach the validity of the acceptance was excluded; and none was given which tended to establish its invalidity, as against these plaintiffs.
The acceptance was purchased in good faith, without knowlege of any fact amounting to notice that it was not accepted for value, and upon full authority to the officer accepting, to accept as such officer. (The Bridgeport City Bank v. The Empire Stone Dressing Co., 19 How. Pr. R. 51; Goodman v. Simonds, 20 How. U. S. R. 343.)
The fifth finding of fact, viz : that there is due from the bank to Tinkham $5,64'7.94 and’ interest from November 1, 1853, which is whólly unpaid—is, therefore, fully sustained by the evidence.
The only question of practical importance is this: Is the defendant, as a signer of the certificate of association, liable as a subscriber for the stock of the bank, so 'that the receiver may coerce him to pay such part thereof as the bank justly owes to persons who have dealt with it as a bank?
The statute of New Jersey declares, “ that the persons so associating shall, under their hands and seals, make a certificate, by the terms of which such association shall be bound, which shall specify, * * * the names and residences of the shareholders, and the number of shares held by each of them respectively,” &c.
The certificate of association filed (and which was signed by the defendant), specifies that' he held 1,990 shares of the capital stock of said bank, amounting to $49,l750.
It is found as a fact that he never paid any part of said stock subscription. The evidence shows that he was the bank, and that its officers were his employees and acted *121 according to his wishes, until he disposed of-his interest to others, upon an expectation or promise that his vendees would protect him against liabilities.
The certificate of association, and the statute under which it was filed, estop the defendant from denying that he was a subscriber for 1,990 shares of the capital stock of this bank; and he is liable, equally as he would be, if an actual subscriber in form for a like number of shares, to. a subscription paper, containing an express promise to pay the amount so subscribed. (Sagory v. Dubois, 3 Sand. Ch. R. 466 and 492, 493; Buffalo and N. Y. City R. R. v. Dudley, 14 N. Y. R. 336.)
The certificate of association must be read in connection with the statute under which it is made. The two, read together, declare that “ the amount of capital stock of such association ” is to be $50,000; that it is “ divided ” into 2,000 shares; that the defendant is a “ shareholder,” and, as such, holds 1,990 of said shares.
These facts he is not at liberty to deny, and having taken this number of shares, he must pay for them to the plaintiff, as the representative of creditors of the association, until their just claims are satisfied. (16 N. Y. R. 451.)
The defendant cannot claim exemption from liability as a shareholder, merely because the associates never chose a board of directors, nor succeeded in obtaining deposits, nor did other business than issue circulating notes and accept bills of exchange. On filing the certificate of association, the associates became a corporation (§§ 16 and 1Y of the N. J. banking act), and could issue circulating notes, (§§ 3 and 4, Id.) The statute contemplates that such an association might become liable as surety. 30, sub. Y.)
Although the association never attempted to carry on “ the business of banking,” as described and provided for by the eighteenth section of the statute, yet, from the moment of its incorporation, it could create valid obligations, when acting in a mode not prohibited by the statute.
As between the bank and Tinkham, the evidence is con- *122 elusive that the bank became his debtor. Tinkham has a right to the intervention of the receiver to collect from those indebted to the' association, the means to pay the amount due to him.
The defendant stands in the position of a debtor for its capital stock, which he received, and for which he has not paid, and the judgment appealed from should be affirmed.
Judgment affirmed.