BIDLACK, Receiver, *vs.* MASON and FLEMING.

1. On principles of comity, the aid of this court will be extended to a receiver of a foreign corporation seeking to obtain possession of property of the corporation here, as against the officers of the company who may be endeavoring, by fraud or subterfuge, to withhold it.

2. To such a suit the corporation is not a necessary party.

3. That such officers are in possession of the property by purchase under judgment and execution, will not prevent this court from examining into their action, when the case made before it leads to the conclusion that the suit in which that judgment was recovered was a contrivance, designed to protect them in the possession of the property of the company as against the receiver and the creditors and stockholders.

On order to show cause why a receiver should not be appointed. On bill and answer, and affidavits annexed.

*Mr. A. Q. Keasbey,* for complainant.

*Mr. P. L. Voorhees,* for defendants.

THE CHANCELLOR.

This is a motion for a receiver. The complainant is the receiver appointed by the Supreme Court of the State of New York, of all the property of The Standard Union Manufac-

turing Company, a corporation formed and existing under the laws of that state. He was appointed such receiver on the 11th of December, 1874, by an order which enjoined the company from further transacting business, or disposing of or removing any of their property or books, and requiring them to show cause, on the 14th of the same month, why the injunction and receiver should not be continued until judgment. The company having answered in the cause in which the order was made, the court, by its order of the 3d of May, 1875, directed that the injunction and receiver be continued until judgment. The suit in which those orders were made, was a proceeding against the company as a fraudulent and insolvent corporation; the complaint being by the people of the State of New York, represented by their Attorney-General, and the proceeding having for its object the winding up and dissolution of the company. The defendant, Robert Fleming, was one of the trustees of the company, and the defendant, John L. Mason, was president. All the property of the company was in this state, in the company's factory in Camden, and was under the control of Mason there. Fleming, on the 26th of August, 1874, recovered against the company, in the Supreme Court of New York, a judgment for $16,988.14, upon a note alleged to have been given by the company to Mason, and by the latter endorsed to him. On this judgment Fleming, after the appointment of the receiver, caused suit to be brought in the Supreme Court of this state. The summons was served on Mason (who resided in this state) as president, and was returnable on the 28th of December, 1874. A judgment by default was entered on the 12th of March following, for $17,668.32. On the 12th of May last, the complainant went to the factory of the company in Camden, which was in the possession of Mason, who was carrying on business there in the name of the company, and, as receiver, demanded possession of the company's property there. Mason, denying his authority as receiver under an appointment of a court of another state, to take into his possession property belonging to the company here, refused to give up possession to him. The

receiver then placed persons in the factory in charge of the property, and Mason, at the close of the day, ejected them from the premises. Under the execution issued on the judgment in the Supreme Court of this state, a levy had been made, as appears by the answer, on the property of the company in the factory, on the 8th of April, 1875. On the 12th of May, and after the complainant had attempted to take possession of the property in the factory, the sheriff of Camden county was directed to proceed to sell the property, which he did accordingly, six days afterwards. At the sale, part of the property was bought by Fleming, and the rest by four other persons, who were probably acting for him, and from whom, he says, he afterwards bought what they purchased. The answer states that, from the time of the sale, Fleming has carried on the business on his own account and in his own name, in the factory; and that Mason (who is still in possession of the premises and property, and is still carrying on the business,) has been employed by him, since then, as his superintendent of the operations of the factory.

The bill charges that Fleming's judgments are fraudulent, and were designed to cover up the property of the company, and protect it from *bona fide* creditors, for the benefit of Mason. It prays that the judgment recovered in this state may be declared fraudulent and void, and that the sheriff's sale may be set aside as against the complainant, and that Fleming and Mason may be decreed to deliver up the property to the complainant. On the filing of the bill, an injunction was granted, restraining Fleming and Mason from removing, disposing of, encumbering, or injuring the property in the factory, and, subsequently, an order to show cause why a receiver should not be appointed, was granted, under which this application is made. The defendants object that the corporation is not a party to these proceedings. It is not necessary that it should be a party. On principles of comity, the aid of this court will be extended to a receiver of a foreign corporation seeking to obtain possession of property of the corporation here, as against the officers of the company who

may be endeavoring, by fraud or subterfuge, to withhold it. *Story on Confl. of Laws,* § 420 ; *Runk* v. *St. John,* 29 *Barb.* 585 ; *Murray* v. *Vanderbilt,* 39 *Barb.* 140 ; *Hoyt* v. *Thompson,* 1 *Seld.* 320 ; *Dayton* v. *Borst,* 7 *Bosw.* 115.

No claims of domestic creditors are involved in this controversy. Fleming is a citizen of New York, and is a trustee of the company. His suit in this state was not brought until after the order of the Supreme Court of New York, enjoining the company and appointing a receiver, had been made. The case on the bill and answer leads to the conclusion that that suit was designed to protect Mason in the possession of the property of the company, as against the receiver, and those whom the latter represented, the creditors and stockholders ; and that it was a contrivance between Fleming and Mason to that end. I can perceive no ground on which they should be permitted thus to frustrate valid proceedings, *bona fide* and regularly taken (for the proceedings in New York, under which the complainant was appointed receiver, are in no way impeached or called in question in the answer,) in the state under the laws of which this corporation exists, to wind up the company in the interest of the public and the creditors and stockholders. It is insisted, however, that inasmuch as Fleming has proceeded against the property by judgment and execution, this court will not question his action. But, the fact that the method adopted to carry out an illegitimate purpose is the machinery of a court of justice, will make no difference in the action of this court to right or prevent the wrong. The case is one in which it is proper that a receiver should be appointed to preserve the property during the litigation.

There will be an order accordingly.