(32 App. Div. 565.)

# STODDARD v. LUM et al.

(Supreme Court, Appellate Division, Fourth Department. ˌ July 26, 1898.)

1. FOREIGN CORPORATIONS—LIABILITY OF STOCKHOLDERS—EXCLUSIVENESS OF REMEDY.

Starr & C. Ann. St. Ill. c. 32, par. 8, provides that a stockholder's liability for unpaid stock shall be enforced "in the manner herein provided." Paragraph 25 provides that, if a corporation shall cease doing business, leaving debts, suits in equity may be brought against all stockholders by joining the corporation; that each stockholder shall pay his pro rata share of such debts to the extent of the unpaid portion of his stock, after exhausting the assets of the corporation; that, if any stockholder shall not have sufficient property to satisfy his proportion of the debts, then the amount shall be divided equally among the remaining solvent stockholders; and that courts of equity shall have power to close up the corporate business, and to appoint a receiver, who shall be a resident of Illinois, and shall enter into a bond payable to the people of that state, and who shall have authority to sue in all courts, and do all things necessary in closing up the corporation's affairs. *Held*, that the remedy so provided is exclusive, and therefore an assignee for creditors of a corporation cannot enforce the stockholders' liability.

2. SAME—JURISDICTION OF COURTS OF NEW YORK.

Such remedy is one that can properly be enforced only in the courts of Illinois, and therefore the courts of New York will not take jurisdiction.

Green and Follett, JJ., dissenting.

Appeal from special term, Orleans county.

Action by Horace Stoddard, as assignee of the Soldiers' World's Fair Hotel Association, against Chauncey H. Lum and others. From an interlocutory judgment on a decision overruling defendants' demurrer, certain of the defendants appealed. Reversed.

The decision found as conclusions of law that the amended complaint states facts sufficient to constitute a cause of action; second, that this court has jurisdiction of the subject of the action; third, that the plaintiff has legal capacity to sue and maintain the action in this court. The demurrer was interposed by the defendants upon the grounds: "First. That it appears upon the face of said amended complaint that the court has not jurisdiction of the subject of this action. Second. That it appears upon the face of the amended complaint that said amended complaint does not state facts sufficient to constitute a cause of action. Third. That it appears upon the face of the said amended complaint that the plaintiff has not legal capacity to sue, because it appears by said amended complaint that the plaintiff is a foreign assignee of a foreign corporation organized by the laws of the state of Illinois, and deriving his power and appointment from under the laws of the state of Illinois; and that the statutes of the state of Illinois provide a special and peculiar remedy in the courts of that state for the enforcement of all the liabilities alleged against these defendants in said amended complaint; and that by the laws of said state it is provided that such an action can be maintained only by a receiver of such corporation, who must be a resident of said state of Illinois, and shall have given bonds, payable to the people of the state of Illinois, for the use of the parties interested in such penalty, and with such securities as the court may in the decree or order appointing the same require, and that such·action can be maintained by such receiver only as provided by the laws of the state of Illinois."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

E. L. Pitts and Isaac S. Signor, for appellants.
W. C. Ramsdale, for respondent.

HARDIN, P. J. In 1892 the Soldiers' World's Fair Hotel Association, under the laws of the state of Illinois, was incorporated. In 1893 it became indebted to sundry persons, and unable to pay its debts, and thereupon its directors made a voluntary assignment to the plaintiff for the benefit of its creditors. Subsequently suits were brought against certain Illinois stockholders and judgments obtained against them, and executions issued, and a small amount of their liability was realized. The county court of Cook county authorized the plaintiff to commence proceedings in this state against the stockholders residing here to recover from them the amount of their unpaid shares of stock, or their proportionate share thereof. Plaintiff has brought this action claiming it to be for and in behalf of all the creditors of the corporation. It was alleged in the complaint that the creditors exceed 115 in number; and it is alleged that Robertson, one of the creditors, prior to the commencement of the suit by this plaintiff in the superior court of Cook county, obtained a judgment against the corporation in a court of record having jurisdiction thereof in the state of Illinois for the amount of his debt against said corporation, and issued execution thereon to the sheriff of the proper county, which said execution was, after 10 days, returned unsatisfied. It is also alleged that the corporation has ceased doing business, leaving debts unpaid, and that the defendants named as residents of the state of New York were stockholders of said corporation at the time said judgment was obtained and execution was returned unsatisfied and at the time said corporation ceased doing business. It is alleged that under the laws of the state of Illinois a corporation organized, as was plaintiff's assignor, has authority and right to make an assignment for the benefit of creditors; and it is averred that by the laws of the state of Illinois—

"Each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided"; and that "no assignor of stock shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor jointly with the assignee until the said stock be fully paid"; and that "every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon to the extent and in the same manner as if he had been the original subscriber"; and that "if any corporation or its authorized agents shall do, or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record, for a payment of money after demand made by the officer, to be returned 'No property found,' or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way, for the debts of the corporation, by joining the corporation in such suit; and each stockholder may be required to pay his pro rata share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders." Starr & C. Ann. St. c. 32, pars. 8, 25.

It does not appear by the record before us that the corporation has been served with process in this action. The statute under which the corporation was organized is referred to in the schedule annexed to the complaint. By that statute it is provided that the shares shall be personal property, and that—

"Subscriptions therefor shall be made payable to the corporation, and shall be payable in such installments and at such time or times as shall be determined by the directors or managers, and an action may be maintained in the name of the corporation to recover any installment which shall remain due and unpaid for the period of twenty days after personal demand therefor." Id. par. 7.

In the eighth section of the act it is provided that—

"Each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided." Id. par. 8.

In the twenty-fifth section of the act it is provided that, if the corporation shall do or refrain from doing any act which shall subject it to forfeiture of its charter,

"Or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit; and each stockholder may be required to pay his pro rata share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders. And courts of equity shall have full power on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor who shall have authority by the name of the receiver of such corporation (giving the name), to sue in all courts and to do all things necessary to closing up its affairs, as commanded by the decree of such court. Said receiver shall be, in all cases, a resident of the state of Illinois, and shall be required to enter into bonds, payable to the people of the state of Illinois." Id. par. 25.

If the plaintiff was permitted to have the relief which he seeks in this action, it would seem that all the creditors should be required to establish their claims, and that it would be necessary to state all the stockholders, and to determine which ones were solvent and which ones were insolvent, before the exact liability of any of the defendants could be ascertained; and it appears that certain of the stockholders are residents of the state of Illinois, and have never been made parties to an action, and they are not now made parties to this action in such manner that the court would have jurisdiction over those residing in that state. Upon a consideration of the provisions of the Illinois statute, it seems that a system is provided for the enforcement of stockholders' liability, and that that system should be pursued, and is exclusive, and, therefore, the assignee ought not to be permitted to maintain this action.

The question which is raised by the demurrer has been very extensively considered in Barnes v. Wheaton, 80 Hun, 8, 29 N. Y. Supp. 830 (Fourth department; 1894), and an exhaustive opinion was delivered for the court by Martin, J., and that case was followed by the First department in Railroad Co. v. Kent, 87 Hun, 331, 34 N. Y. Supp. 427, in an opinion delivered by O'Brien, J. (concurred in by Van Brunt, P. J., and Follett, J.), which·opinion satisfactorily discusses the essential questions presented by the demurrer in this case. The question has also been discussed in Russell v. Railway Co., 113 Cal. 258, 45 Pac. 323.

In Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, it was said:

"The general rule is that the statutory liability of stockholders in foreign corporations for debts of the corporation cannot be enforced except at the domicile of the corporation, when the law of the domicile provides the remedy."

Dayton v. Borst, 31 N. Y. 435, was an action brought by a receiver at law to recover an unpaid subscription, and the question involved in this case was not presented in that, and therefore we see nothing in the case that aids the contention of the respondent.

Vanderpoel v. Gorman, 140 N. Y. 566, 35 N. E. 932, was an action brought by an assignee of a corporation to recover from the defendant "the value of the property levied on" by him, and the question involved in this case did not arise there.

The foregoing views lead to the conclusion that the interlocutory judgment should be reversed, with costs, and the demurrer sustained.

Interlocutory judgment reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of the costs of the demurrer and of this appeal.

ADAMS and WARD, JJ., concur.

GREEN, J. (dissenting). The case of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, cannot be considered an adjudication that the supreme court of this state possesses no jurisdiction over an action of this character, nor any power to grant the relief demanded. The action in that case was brought by a judgment creditor of a foreign corporation to enforce the statutory liability of a stockholder, the corporation having been dissolved, and a receiver appointed. The court of appeals has explicitly declared that "if, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decisions of the questions presented, they are the dicta of the writer of the opinion, and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant; and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation." Colonial City Traction Co. v. Kingston City R. Co., 154 N. Y. 493–495, 48 N. E. 900. In the language of Chief Justice Shaw: "This shows how necessary and important it is, in construing judicial decisions, to consider them as made with a passive reference to the subject-matter and the facts and circumstances of each case, and with the limitations and qualifications implied thereby." Atlantic Bank v. Merchants' Bank, 10 Gray, 555. "Since no two cases are precisely alike," observes an able writer on jurisprudence (Austin), "the decision of a specific case may turn upon the reasons which are suggested to the judge by its specific peculiarities or differences. And that part of the decision which turns on those differences, or that part of the decision which turns on those special reasons, cannot serve as a precedent for subsequent decisions, or a rule or guide of conduct; for as every case has features of its own, and as every judicial decision is a decision on a specific case, a judicial decision as a whole, or as considered in the concrete, can have no application to another, and there-

fore a different, case." Minute differences in the circumstances of two
cases may prevent any argument from being deduced from the one to
the other. In the absence, therefore, of any controlling authority
or precedent, the question here presented must be determined upon
principle.

The defendants, residents of this state, severally subscribed for
shares of stock in an Illinois corporation, and in consideration of the
issuing of such shares to them, respectively, they agreed to pay for the
same in such installments and at such time or times as shall be de-
termined by the directors. They also agreed that, if such corporation
should cease to do business, or be dissolved, or if an execution against
its property should be returned unsatisfied, each would pay his pro
rata share of the debts or liabilities to the extent of the unpaid por-
tion of his stock, after exhausting the assets of the corporation; and
if any stockholder should not have property enough to satisfy his
portion of such debts, then the amount should be divided among all the
remaining stockholders. The contract made was to be performed in
Illinois, and the subscribers agreed to fulfill their obligations there,
and to abide by its laws. Having entered into these obligations, the
defendants refused to perform them, and this action is brought by the
official representative of the corporation and its creditors to compel
contribution. The plaintiff is seeking the aid of our courts to enforce
the performance of a plain contractual obligation of liability, and he
is entitled to the relief prayed for if the court has the power to grant
it, consistently with the rules of law, and without prejudice to the
reciprocal equitable rights of all the stockholders as between them-
selves. The liability of a stockholder to pay what is unpaid in respect
of his shares is an obligation founded in contract, and not depending
upon statutes; and the sequestering of the unpaid subscriptions of
the stockholders for the benefit of the creditors of the corporation
when it becomes insolvent is merely a means devised by courts of
equity to compel men to pay their honest debts. 3 Thomp. Corp. §§
2952, 3566. And, if the obligation thus assumed is valid and subsist-
ing according to the law of the domicile of the corporation, it will,
upon obvious principles, be enforced in the courts of every other state.
Id. § 3047. Unpaid stock is as much a part of the assets of the cor-
poration as any other part of its property; there is no distinction.
"Unpaid stock is as much a part of this pledge [trust fund], is as much
a part of the assets of the company, as the cash which has been paid
in upon it. As regards creditors, there is no distinction between such
a demand and any other asset which may form a part of the property
and effects of the corporation." Hawkins v. Glenn, 131 U. S. 330,
9 Sup. Ct. 739. And see Dayton v. Borst, 31 N. Y. 435. The right
to enforce payment of these unpaid balances will pass to an assignee
for the benefit of creditors. 3 Thomp. Corp. §§ 3551–3553.

The objection to the jurisdiction of the court is founded upon the
contention that the remedy adopted and the relief demanded are spe-
cial and peculiar, and therefore local. The objection to the jurisdic-
tion of the subject of the action is based upon the contention that the
remedy provided by the laws of Illinois is a special and peculiar one,
local in its nature and character, and must, therefore, be sought in

the tribunals of that state; that the courts of this state are necessarily precluded, by the peculiar nature and circumstances of the matter, from entertaining a suit of this description. · It is difficult to perceive or to comprehend that there is anything peculiar or special in the equitable remedy to enforce contribution among stockholders of a corporation than there is in respect of any other class of debtors who are under obligation to contribute their proportionate payments to the satisfaction of an indebtedness. This remedy is a common, ordinary, and usual one, and there is no peculiarity pertaining to it. Since all the stockholders were not within the jurisdiction of the courts of Illinois, the plaintiff was necessarily unable to obtain full redress and relief. It became necessary, therefore, to pursue the nonresident debtors and to institute suits against them in the proper forum. The courts of that state afforded all the relief they were able to grant, and there is no sound reason why the courts of this state should refuse such redress as they are competent to accord or confer. The Illinois courts could not grant complete relief; neither is it competent for our courts to accord the just, precise, and adequate measure of redress. It is not true, therefore, that the laws of Illinois provide a special and peculiar remedy which can be enforced only in that state, since there are many stockholders and debtors not resident within the jurisdiction, or reachable by process of the court.

The defendants' counsel present this as an argument against entertaining jurisdiction of this action: In order to grant the relief demanded, it will be necessary to establish the amount of the corporate indebtedness, and also determine which of all the stockholders in this and other states are solvent, and how much of their subscriptions remain unpaid, in order to determine whether these defendants are liable for the whole amount of their unpaid subscriptions; and it appears that certain stockholders resident in other states have never been parties to any action, nor could their rights be determined in this. The answer is that the amount of the corporate liabilities and the value of the assets have been established by the foreign decree; and the amount of the unpaid subscriptions, and the question of solvency or insolvency of the respective stockholders, etc., are all matters of proof; and, though the plaintiff may encounter some difficulty or impediment in the way of establishing, by legal proof, the fact of insolvency of particular stockholders, that will not create an insuperable objection to granting any relief whatever. Whether the fact of insolvency can only be established by judgment against a stockholder and the return of an execution nulla bona, or whether it may be established by other proof, is irrelevant to the question of jurisdiction. The plaintiff may not seek to charge the solvent stockholders with the proportionate share of the indebtedness imposed upon those that are insolvent. Though all the relief prayed for may not or cannot be granted, that is no reason why jurisdiction should not be entertained, and appropriate redress be accorded. The amount of the assets and liabilities and of the unpaid subscriptions being ascertained and determined, the pro rata share of the corporate debts chargeable to the respective stockholders will be a matter simply of arithmetical computation.

In respect of the stockholders residing within states other than Illinois and New York, their absence cannot affect the jurisdiction of the court to proceed against the parties to the action. To require persons who are without the jurisdiction of the court to be made parties, would be equivalent to a dismissal of the suit, and amount to a denial of justice. Hence it is a rule of the court of chancery that when a person who ought to be a party is out of the jurisdiction, if the fact is stated in bill, and admitted by the answer, or proved (if denied) at the hearing, that of itself constitutes a sufficient ground for dispensing with his being made a party, and the court will proceed to a decree without him. It is an important qualification, ingrafted on this particular exception to the general rule, that persons who are out of the jurisdiction, and are ordinarily proper and necessary parties, can be dispensed with only when their interests will not be prejudiced by the decree, and when they are not indispensable to the just ascertainment of the merits of the case before the court. The doctrine ordinarily laid down on this point is that, where the persons who are out of the jurisdiction are merely passive objects of the judgment of court, or their rights are merely incidental to those of the parties before the court, then, inasmuch as a complete decree may be obtained without them, they may be dispensed with. Story, Eq. Pl. §§ 78–82; Angell v. Lawton, 14 Hun, 71. Lord Elder observed that "there are many instances of justice administered in this court in the absence of those who, without whose presence as parties, if they were within the jurisdiction, it would not be administered, as it cannot be so completely as if all persons interested were parties. But the court does what it can." Story, Eq. Pl. § 78, note. Where contribution only is sought, all the stockholders who can be reached by the process of the court may be joined in the suit. It is no objection that there are others beyond the jurisdiction of the court who cannot, for that reason, be made parties. Kennedy v. Gibson, 8 Wall. 498; Bank v. Blake, 3 Rich. Eq. 236, quoted in McDonough v. Phelps, 15 How. Prac. 381. And see 3 Thomp. Corp. §§ 3495, 3541. In Mann v. Cooke, 20 Conn. 178, a receiver of an insolvent New York railroad corporation was permitted to maintain a bill in chancery against a stockholder to enforce payment of the balance due on the shares subscribed by him. The doctrine was stated to be that all subscribers to the capital stock of a corporation, which, by its charter, may require or demand payment of the capital subscribed, have incurred a debt which may be enforced by any appropriate common law or equitable remedy; and that this was the law of New York, by which the transaction was to be judged. In Dayton v. Borst, 31 N. Y. 435, 7 Bosw. 115, a receiver of a foreign corporation was held entitled to maintain an action at law to recover the amount of a subscription to the capital stock. The amount unpaid exceeded the amount of the indebtedness of the corporation, and the recovery was limited to the latter amount. In Griffith v. Mangam, 73 N. Y. 611, 42 N. Y. Super. Ct. 369, the action was brought by judgment creditors of a foreign corporation against a stockholder who held stock, not fully paid for, in an amount exceeding the plaintiffs' claim. It appeared that there were other stockholders who had not paid up their subscriptions in full. It was objected by the defendant

that there could be no recovery by those creditors against him, a single stockholder, and that the action necessary to charge the defendant was one in equity, bringing in the other stockholders in like predicament with him. It was so held by the court below, and the court of appeals sustained the objection upon the authority of Mann v. Pentz, 3 N. Y. 416; Morgan v. Railroad Co., 10 Paige, 290. And see 3 Thomp. Corp. §§ 3428, 3429, 3469. In Pugh v. Hurtt, 52 How. Prac. 22 (special term) an action by a foreign receiver to enforce the statutory liability of a stockholder was entertained. The foreign court directed the receiver to proceed to collect by suit the statutory liabilities of .stockholders residing without the jurisdiction. Lawrence, J., remarked: "He is seeking to enforce the liability of the defendant as a stockholder of that company, which liability was voluntarily incurred by the defendant when he became such. In short, the plaintiff asks the intervention of this court to enable him to compel one of the citizens of this state to carry out and perform an obligation into which, of his own free will, he entered when he became a stockholder of a company organized under the laws of Ohio. Instead of turning the plaintiff out of court, justice requires that comity should be invoked in his favor, and that he should be aided and assisted by this court in enforcing the defendant's liability." In McDonough v. Phelps, 15 How. Prac. 372, 382, Hoffman, J., after reviewing the cases relating to the liability of stockholders upon their subscriptions, concluded that "we find the principle that the tribunals of other states will enforce against a resident stockholder the same rights which the company, its creditors or representative, could have enforced against him in the state which created the corporation." 3 Thomp. Corp. §§ 30, 48. In Holmes v. Sherwood, 16 Fed. 725, a bill in equity was filed in the United States district court in Iowa by judgment creditors of an Illinois corporation, to reach the unpaid balances on stock subscriptions, and the suit was entertained, and the appropriate relief granted.

The legislature, in 1845 (Laws 1845, c. 234), passed a statute to facilitate the collection of debts due by foreign corporations. It provided that upon the return of an execution against such corporation unsatisfied in whole or in part, the creditor might commence a suit in law or in equity against the stockholders, or any of them, to compel the payment of any sum or sums of money not paid in, or remaining due upon each share held by them, or any of them; and that he might recover in such suit any sums to the amount due the plaintiff which such defendants would be liable to pay in any event in the state where such corporation was located. This statute was considered and applied in Seymour v. Sturgess, 26 N. Y. 134; McDonough v. Phelps, 15 How. Prac. 372. It was repealed, however, in 1877, and section 646 of the Code was enacted as a substitute for it. That section provides that under a warrant of attachment against the corporation the sheriff may levy upon the sum remaining unpaid upon a subscription to the capital stock of the corporation, made by a person within the county. In Persch v. Simmons (Sup.) 3 N. Y. Supp. 783, Ingraham, J., held that a judgment debtor of a foreign corporation, after return of execution unsatisfied, may sue a stockholder indebted to it for an unpaid subscription to its capital stock, under the provisions of section 1871 of

the Code, which provides that, where execution is returned unsatis-
fied, the creditor may maintain an action against the debtor, or any
other person, to compel the discovery of property or money due the
debtor, to procure satisfaction of his demand. And see 3 Thomp.
Corp. § 3064.

The necessity of joining other stockholders in the action was not
raised by the demurrer interposed, and consequently the point was not
considered.

The complaint is demurred to also upon the ground that the facts
alleged do not constitute a cause of action, and in support of this ob-
jection, as well as the objection to the jurisdiction of the subject of
the action, it is contended that no action can be maintained against
these defendants until the amount to be collected from each stock-
holder is first ascertained, and assessed by order of the foreign court.
That might be true, if an action at law was brought by the receiver
or assignee against the separate shareholders to recover a proportion-
ate amount of the corporate indebtedness. And yet, in the cases cited
in this opinion, it was not considered a condition precedent to the
maintaining of the action, though the point was not expressly adjudi-
cated. And since the foreign court abstained from determining the
amount of the indebtedness due from each nonresident stockholder,
and directed the assignee to institute this suit in the state of their
domicile, for the determination of the extent of their respective liabili-
ties, there is no apparent reason why our courts should not proceed,
and determine the matter in controversy. The defendants were not
parties to the proceedings in the foreign tribunal, and would not, we
presume, enter an appearance therein; while here they will have their
day in court, and have the opportunity to meet the proof adduced
against them. The decree of the foreign court may be conclusive as
to the amount of the assets and liabilities, and of the validity of an
assessment decreed against or upon the stockholders (Hawkins v.
Glenn, 131 U. S. 319, 9 Sup. Ct. 739), but it would not be so in respect
of the amount unpaid upon the subscriptions to the stock. In Kennedy
v. Gibson, 8 Wall. 498, it is said: "The liability of the stockholders
is several, and not joint. The limit of their liability is the amount
unpaid upon their subscriptions. Where the whole amount is sought
to be recovered, the proceedings should be at law. Where less is re-
quired, the proceeding must be in equity; and in such an action an
interlocutory decree may be taken for contribution, and the case may
stand over for further action of the court—if such action should sub-
sequently prove to be necessary—until the full amount of the liability
is exhausted."

In view of these statutory provisions quoted, and the authorities re-
ferred to, we are unable to perceive that the supreme court possesses
no power or jurisdiction of the subject of the action, or to afford the
relief demanded. If, as it is held, a foreign receiver may maintain an
"action at law" against one stockholder, why may he not be permitted
to maintain a suit in equity against several stockholders, to enforce
contribution of their unpaid balances, to the satisfaction and dis-
charge of the corporate indebtedness? If jurisdiction exists in the
one instance, may it be, logically, denied in the other? If all the

stockholders of this corporation were within the jurisdiction of the court, and served with process, would not jurisdiction of the suit be entertained? If so, then the nonresidence of some of the stockholders, whose presence is not necessary to a determination of the liability of the parties defendant, cannot be set up to defeat such jurisdiction.

The judgment overruling the demurrer should be affirmed, with costs.

FOLLETT, J., concurs.