(Supreme Court, Special Term, New York County. April, 1900.)

FOREIGN CORPORATION—CORPORATE DEBTS—LIABILITY OF STOCKHOLDERS—ENFORCEMENT—JURISDICTION.

Const. Kan. art. 12, § 2, makes a stockholder individually liable for dues from a corporation. Gen. St. Kan. c. 66, § 50, authorizes execution against a stockholder, on order of court, after execution has been issued against the corporation, and no property found; and section 49 authorizes suits against stockholders of dissolved corporations without joining the corporation. *Held*, that an action by a creditor of an insolvent and dissolved Kansas corporation to recover against a stockholder could not be maintained where no judgment had been obtained in a Kansas court, and no liability of stockholders determined under such laws, since Const. U. S. art. 4, § 1, requiring full faith and credit to be given the laws of another state, does not mean that a plaintiff may enforce a liability created by the laws of another state, and obtain the relief he might be entitled to under such laws.

Attachment by John J. Brookman against the Merchants' Savings Bank.　On motion to vacate the attachment.　Granted.

Reno R. Billington, for plaintiff.

Francis Lawton, for defendant.

FREEDMAN, J.　This is a motion made to vacate an attachment obtained by a resident plaintiff against a nonresident defendant upon the ground, mainly, that the statements contained in the affidavit and the allegations set up in plaintiff's complaint, upon which the attachment was granted, do not show that the action is one that can be maintained in the courts of this state.　The plaintiff alleges that he is the owner and holder of a number of debentures or bonds aggregating in amount the sum of $2,100, issued by the Western Farm Mortgage Trust Company, a corporation organized under the laws of the state of Kansas; that on or about the month of February, 1892, the said corporation became insolvent, and has ceased to do business since that time; that a receiver for said company was appointed, duly qualified, and subsequently accounted, and was discharged; and that the corporation is still insolvent, and unable to pay its debts, and has no property subject to attachment or execution in this state.　The plaintiff further alleges that his debentures became due in January, 1900, and then recites at length certain provisions of the constitution of the state of Kansas in which it is provided, in substance, that:

"Dues from corporations organized and existing under the laws of that state shall be secured by the individual liability of the stockholders equal to the amount of stock owned by each stockholder; that if any execution shall have been issued against the property of such corporation, and no property is found, then execution may be issued against any stockholder to an extent equal in amount to the amount of stock by him or her owned, but that no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought," etc., "and that if any such corporation be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit." Const. Kan. art. 12, § 2.

The plaintiff also alleges that the defendant was a stockholder in said corporation at the time of its dissolution, owning 30 shares of stock of a total par value of $3,000, and asks judgment for the sum of $2,100 in his favor and against the defendant.　The plaintiff does not claim that any judgment of any court in the state of Kansas was ever obtained by him, nor does he allege that the receiver of the insolvent corporation took any action or proceeding to determine the liability of the stockholders of the company under the laws of that state, and he bases his right to recover solely upon the statute quoted, but which statute creates a right only in conjunction with a remedy.　Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376.　In the case of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, the action was brought by a creditor of a Kansas corporation, after a receiver had been appointed in that state, to recover from a stockholder in this state the amount of his claim against the corporation.　That action was based upon the sections of the statute referred to, and the court of appeals said:

"The defendant's relation to the corporation is governed by the laws of the state of its creation, and the general rule is that the statutory liability of

stockholders of foreign corporations cannot be enforced except at the domicile of the corporation, when the laws of the domicile provide the remedy."

That case was referred to in the case of Howarth v. Angle, 39 App. Div. 151, 57 N. Y. Supp. 187; Id., 162 N. Y. 179, 56 N. E. 489,—in which an action was brought in this state by a receiver to recover the amount of an assessment made upon the stockholders of an insolvent corporation organized under the laws of the state of Kansas; and in that case, as the receiver of the insolvent corporation had instituted a proceeding in a court of competent jurisdiction in the state of Kansas, and had obtained a decree establishing the liability of each stockholder to pay a certain sum as an assessment, it was held that the action could be maintained in the courts of this state upon the ground that such receiver was "a quasi assignee, * * * invested with the title to all the rights of action possessed by his principal," and entitled to bring "any and all actions involving the property, etc., in his hands as receiver, or concerning the persons representing him, including the creditors of such corporation." In the case of Bank v. Farnum (decided on March 12, 1900) 20 Sup. Ct. 506, Adv. S. U. S. 506, 44 L. Ed. ——, cited and relied upon by the plaintiff in this action, the plaintiff in error was a creditor of a Kansas corporation, and recovered a judgment in the circuit court of the United States for the district of Kansas against the corporation. Thereafter an execution was issued upon said judgment, and, no property being found, it was returned wholly unsatisfied. The defendant was a stockholder in that corporation, and, setting forth these facts, with the provisions of the Kansas constitution and statutes, the plaintiff brought an action in the common pleas division of the state of Rhode Island to recover a judgment for a sum equal in amount to the amount of the defendant's stock. To the plaintiff's declaration a demurrer was filed and sustained, which was subsequently reversed in the United States court by the decision rendered at the time above stated. That case does not aid the plaintiff, however. It will be seen that in the bank case the plaintiff had obtained a judgment in a court of competent jurisdiction in the state of Kansas, where the corporation was located and had its residence, and the rights of the plaintiff had been established in such state. The rule is stated therein to be that "the judgments and decrees of the circuit court of the United States sitting in a particular state are, in the courts of that state, to be accorded such effect as would be accorded under similar circumstances to the judgments and decrees of a state tribunal of equal authority"; and the United States court further says: "The law and usage in Kansas prescribed by its legislature and enforced by its courts make such a judgment not only conclusive as to the liability of the corporation, but also an adjudication binding each stockholder therein." The weakness of the plaintiff's case is, therefore, manifest. He does not bring his action upon a judgment or other judicial proceeding taken in the state of Kansas, either against the insolvent corporation or the defendant stockholder, nor does he seek to recover from such stockholder any amount determined by a court to be his due, but endeavors to establish and enforce in the courts of this state a statutory liability created by the statute of another state. "It is well established that an action at law by a single

creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liability of stockholders. In such cases the liabilities must be enforced in equity in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and determined." Marshall v. Sherman, supra. The provision of the constitution of the United States (article 4, § 1) which provides that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of any other state," cannot be construed to mean that a plaintiff may institute and maintain an action in the courts of this state, and, by alleging nothing but a liability under the statutes and laws of another state, enforce the rights and obtain the relief to which he might be entitled under the laws and statutes of such other state had his suit been brought therein. In Erickson v. Nesmith, 4 Allen, 233, the court held:

"There seems to be no practicable mode of dealing with such corporation and its members. when seeking to charge the latter upon their statute liability, but to proceed in the manner prescribed by the statute creating such liability, and in the local jurisdiction where the corporation was established and carries on its business, and by whose local statutes alone the liability exists."

It follows, therefore, that for the reasons stated the plaintiff's complaint does not set up a cause of action that can be maintained in the courts of this state, and the attachment must be vacated. Carrier v. Paper Co., 73 Hun, 287, 26 N. Y. Supp. 414; Blum v. Jung, 82 Hun, 611, 30 N. Y. Supp. 1020. Motion to vacate attachment granted, with costs.

Motion granted, with costs.