## WIGTON v. KENNEY.

(Supreme Court, Appellate Division, Second Department.  May 29, 1900.)

FOREIGN CORPORATIONS—STOCKHOLDER'S LIABILITY—ENFORCEMENT.
     In an action by the receiver of a foreign corporation to enforce the statu-
     tory liability of a resident stockholder, where the allegations of the com-
     plaint establish a prima facie cause of action, defendant must plead in his
     answer the facts on which he relies to escape his liability.

Appeal from special term, Kings county.

Action by Elliott D. Wigton, as receiver of the Iowa Savings Bank,
against Albert S. Kenney.  From an interlocutory judgment overrul-
ing a demurrer to the complaint, defendant appeals.  Affirmed.

The following is the opinion of the court below (JENKS, J.):

The plaintiff, as receiver of the Iowa Savings Bank, a corporation of the
state of Iowa, sues the defendant, as a stockholder, to enforce his liability
for the debts of the bank.  The defendant demurs that there is a defect of
parties defendant, in that the other stockholders are not made parties defend-
ant, and that the complaint does not state facts sufficient to constitute a cause
of action.  I am of the opinion that the demurrer should be overruled.  Such
an action lies against a single stockholder.  Bank v. Ibbotson, 24 Wend. 473;
Garrison v. Howe, 17 N. Y. 458; Weeks v. Love, 50 N. Y. 568.

The counsel for the defendant, in his learned and exhaustive brief, submits
that a certain statute of Iowa was passed on July 1, 1897, in effect October
1, 1897, which provides that this action must be in equity against all of the
stockholders, and calls attention to the doctrine of Stoddard v. Lum, 32 App.
Div. 565, 53 N. Y. Supp. 607, and Barnes v. Wheaton, 80 Hun, 8, 29 N. Y. Supp.
830, though he states, "While, strictly speaking, the court cannot look to the
statute code of Iowa, because not pleaded, yet it may assist in construing the
matter set up in the complaint."  The defendant thus seems to be mindful
of the principle that a demurrer to a complaint can be interposed only for
objections appearing on its face.  Mitchell v. Thorne, 134 N. Y. 536, 32 N. E.
10, and cases cited.  The complaint avers that "the statute of the state of Iowa
under which the said Iowa Savings Bank was organized, and under which it
continued to do business, provided, among other things, that the shareholders
in banks organized under the provisions of the said statute should be individ-
ually and severally liable to the creditors of the corporations, etc.; and it was
further provided by said statutes that, should any such bank become insolvent,
and its assets be found insufficient to pay its debts, its shareholders might
be compelled to pay such deficiency, up to the amount of stock at its par value
held by them, respectively, and in proportion to the amount of stock owned by
the respective shareholders," and that "the said district court of Iowa was
a competent court of jurisdiction, and had jurisdiction of the subject-matter
aforesaid and of the parties in the said action," and "this plaintiff has been
duly authorized by the said district court of the state of Iowa (the court
which appointed him as receiver as aforesaid) to bring suits to enforce the
payment of the assessment made upon the shareholders of the said Iowa
Savings Bank as aforesaid," and that "he was and is thereby authorized to
maintain and bring this action."  These allegations must be taken as true
upon the disposal of the demurrer.  Association v. O'Brien, 51 Hun, 45–51,
3 N. Y. Supp. 764.  In State v. Union Stock Yards State Bank, 103 Iowa, 549, 70
N. W. 752, and 72 N. W. 1076, it was decided that the receiver was the proper
plaintiff in such actions.  Howarth v. Angle (Sup.) 57 N. Y. Supp. 187, is an
authority directly in point upon the merits.  Judgment for the plaintiff upon
the demurrer, with leave to the defendant to answer.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD,
and HIRSCHBERG, JJ.

Carlisle Norwood, for appellant.
James C. Foley, for respondent.

GOODRICH, P. J.   All the facts essential to the decision of this appeal are stated in the opinion of Mr. Justice JENKS, hereto appended, in which we concur.   Since his decision, the court of appeals, in 162 N. Y. 179, 56 N. E. 489, has affirmed the case of Howarth v. Angle, which he cites.   That action was brought by the receiver of a bank in Tacoma, Wash., to enforce the liability of a stockholder, resident in this state, for the debts of the bank, under a statute of Washington which provided that the stockholders "should be held individually responsible, equally and ratably,   *   *   *   for all the contracts, debts and engagements of the bank accruing while they remain such stockholders, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock shares." There had been an action in Washington, in which it was determined that all of the stockholders were liable, but the New York stockholder was not a party thereto.   The court of appeals (Judge Vann writing) held that the action in this state would lie, but added:

"The stockholders, however, may controvert in our courts all the essential facts, such as insolvency, the amount of the deficiency, and the like, whether they are established by the judgment appointing the receiver or not.   They may require strict common-law proof as to all the facts upon which the deficiency is based, and may contest any unreasonable expenditure in the conversion of assets and the collection of accounts.   *   *   *   Upon all these questions the defendant has had his day in the courts of this state."

It is evident, therefore, that no harm can result to the defendant from compelling him to plead in his answer the facts upon which he relies to escape liability, by denial of the allegations of the complaint either as to the insolvency of the bank, or as to the amount of its debts, so that, as in the Howarth Case, he shall have his day in the courts of this state.   The allegations of the complaint, however, are sufficient to establish prima facie a cause of action, and the judgment should be affirmed.

Interlocutory judgment affirmed, with costs.   All concur.