### ROYAL TRUST CO. v. HARDING et al.

(Supreme Court, Special Term, New York County.   November 13, 1912.)

CORPORATIONS (§ 685*)—FOREIGN CORPORATIONS—RECEIVERS—ACTION—JURISDICTION.

A liquidator of a foreign corporation, appointed by a foreign court, may sue in New York to enforce a stock liability under the laws of the foreign country against stockholders in New York.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2667; Dec. Dig. § 685.*]

Action by the Royal Trust Company, as liquidator of the Ontario Bank, against J. Horace Harding and others. Defendants demur to the complaint. Demurrer overruled.

H. A. Cushing, of New York City, for plaintiff.
Maurice Leon, of New York City, for defendants.

NEWBURGER, J. The plaintiff, a Canadian corporation, as liquidator of the Ontario Bank in Canada, seeks to enforce a stock liability under the statutes of Canada against the defendants, residents of New York, as stockholders of the Ontario Bank. The complaint alleges two causes of action: First, upon a judgment fixing the liability at $4,750; second, upon a call for the same amount made by the liquidator pursuant to an order purporting to establish the deficiency of the property and assets of the Ontario Bank at 95 per cent. of the capital stock. The defendants demurred to the complaint upon the following grounds: First, lack of capacity in plaintiff to sue in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

New York; second, no jurisdiction in this court of the subject-matter.

This court has power to take jurisdiction upon a foreign judgment. As was said by Mr. Justice Earl in the Matter of Waite, 99 N. Y. at page 448, 2 N. E. at page 449:

"The following rules are to be deemed thoroughly recognized and established in this state: (1) The statutes of foreign states can in no case have any force or effect in this state ex proprio vigore, and hence the statutory title of foreign assignees in bankruptcy can have no recognition here solely by virtue of the foreign statute. (2) But the comity of nations, which Judge Denio, in Peterson v. Chemical Bank, 32 N. Y. 21 [88 Am. Dec. 298], said is a part of the common law, allows a certain effect here to titles derived under and powers created by the laws of other countries, and from such comity the titles of foreign statutory assignees are recognized and enforced here, when they can be, without injustice to our own citizens, and without prejudice to the rights of creditors pursuing their remedies here under our statutes, provided, also, that such titles are not in conflict with the laws or the public policy of our state. (3) Such foreign assignees can appear and, subject to the conditions above mentioned, maintain suits in our courts against debtors of the bankrupt whom they represent, and against others who have interfered with or withhold the property of the bankrupt."

In Howarth v. Angle, 39 App. Div. 151, 57 N. Y. Supp. 187, quoting the last case, it was held that a receiver might maintain an action in this state against a stockholder of a bank to recover the amount assessed upon a stock. See, also, Shipman v. Treadwell, 200 N. Y. 476, 93 N. E. 1104; Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Toronto General Trust Co. v. C., B. & Q. R. R., 123 N. Y. 37, 25 N. E. 198. The objection that the plaintiff, as a liquidator appointed by a foreign court, cannot bring this action is therefore untenable. The remedy sought was that provided by the foreign statute, which created the liability, and, as the liability was clearly contractual, this action is maintainable.

Demurrer overruled, with leave to defendants to plead upon payment of costs. Settle order on notice.